# United States Court of Appeals
## For the First Circuit

No. 17-1634

LUIS ELIAS SANABRIA MORALES,

Petitioner,

v.

MERRICK B. GARLAND,∗
UNITED STATES ATTORNEY GENERAL,

Respondent.

Before

Howard, <u>Chief Judge</u>,
Lynch, Thompson, Kayatta, and Barron, <u>Circuit Judges</u>.

**ORDER OF COURT**

**Entered: September 8, 2021**

The petition for rehearing having been denied by the panel of judges who decided the case, and the petition for rehearing en banc having been submitted to the active judges of this court and a majority of the judges not having voted that the case be heard en banc, it is ordered that Luis Elias Sanabria Morales' petition for rehearing and petition for rehearing en banc be denied.

**THOMPSON, <u>Circuit Judge</u>, dissenting from the denial of rehearing en banc.** My colleagues' opinion okays the immigration agencies' misapplication of the law in this matter. In doing so, that opinion misconstrues our own precedent and makes findings that, by my lights, was the immigration agencies' job, not ours. Taken together, these missteps relative to the law -- and the precedent thereby created -- prompt my dissent from the order denying the petition for rehearing en banc.

---

∗ Pursuant to Fed. R. App. 43(c)(2), Merrick B. Garland has been substituted for William P. Barr as Respondent.

The context: despite citing and purporting to apply the test set forth in Matter of Y-L-, 23 I&N Dec. 270, 276-77 (A.G. 2002), the immigration judge ("IJ") did not properly determine whether the underlying conviction of Luis Elias Sanabria Morales ("Sanabria") was for a "particularly serious crime" because, despite being dutybound to do so, the IJ never made any extraordinary-and-compelling-circumstances findings (failing to weigh Sanabria's testimony and other evidence to assess the six Matter of Y-L- factors).[1] The Board of Immigration Appeals ("BIA") likewise erred -- applying the presumption but going no further, offering no analysis at all on the extraordinary-and-compelling-circumstances part of the Matter of Y-L- test. Clearly, then, there was no conclusion below as to whether an extraordinary-and-compelling-circumstances showing had been made.

The majority signed off on this corner-cutting approach, concluding that the immigration agencies had done enough, by indicating that the analysis below didn't need to be very detailed (it wasn't detailed; it was nonexistent) and that a no-extraordinary-and-compelling-circumstances finding by the IJ could be inferred.

I see a dangerously slippery slope here. Sanabria's case stems from agency action, meaning the IJ and BIA needed to give some reasoned explanation for the conclusions they reached.[2] The majority's reliance on clear-error cases in the district court to pull off its "this can be inferred" approach here muddies the waters of future reviews involving a lack of fact-finding by the immigration agencies -- it both misunderstands and runs afoul of the law, and it runs the risk of serving as precedent for the notion that even if the immigration agencies don't make the necessary findings, their faulty outcomes will be reviewed against a "light most favorable to the ruling, drawing all reasonable inferences in support of the challenged ruling" backdrop that has no place in this type of review.

Our case law is clear that "[w]hile the IJ need not address each and every piece of evidence put forth by a petitioner, he must at least 'make findings, implicitly if not explicitly, on all grounds necessary for decision.'" Sok v. Mukasey, 526 F.3d 48, 54 (1st Cir. 2008) (quoting Un v. Gonzales, 415 F.3d 205, 209 (1st Cir. 2005)). "Typically, we have found the absence of specific findings problematic in cases in which such a void hampers our ability meaningfully to review the issues raised on judicial review." Renaut v. Lynch, 791 F.3d 163, 169 (1st Cir. 2015) (quoting Rotinsulu v. Mukasey, 515 F.3d 68, 73 n.1 (1st Cir. 2008)). All of this ensures "that a reviewing court is able to provide intelligent review on issues over which it has appellate jurisdiction."

---

[1] An aggravated felony conviction for drug trafficking is presumptively a particularly serious crime under 8 U.S.C. § 1231(b)(3)(B)(ii); that presumption is a rebuttable one because it applies only absent "circumstances that are both extraordinary and compelling." Matter of Y-L-, 23 I&N Dec. at 274.

[2] "[W]e apply 'normal principles of administrative law governing the role of courts of appeals when reviewing agency decisions for substantial evidence.'" Gailius v. INS, 147 F.3d 34, 44 (1st Cir. 1998) ("The need for clear administrative findings is implicit in the statute under which we review the BIA's decision." (quoting Cordero-Trejo v. INS, 40 F.3d 482, 487 (1st Cir. 1994))).

- 2 -

Tillery v. Lynch, 821 F.3d 182, 185 (1st Cir. 2016) (citations omitted); see also SEC v. Chenery Corp., 332 U.S. 194, 196–97 (1947) ("We must know what [an agency] decision means before the duty becomes ours to say whether it is right or wrong." (quoting United States v. Chicago, M., St. P. & P.R. Co., 294 U.S. 499, 511 (1935))).

Tillery is instructive -- in fact, it should have been binding. There, a panel of this court explained that the BIA's decision didn't "adequately explain its conclusion" -- it provided the legal framework, but then stated only a cursory conclusion with no explanation or legal reasoning. 821 F.3d at 185. In vacating and remanding, the Tillery court concluded that "[i]t is within the agency's realm to elucidate its rationale, and the BIA's failure to do so hinders meaningful judicial review in this case." Id. at 186-87. Indeed, as we've said, "we will accept less than ideal clarity in administrative findings," but "we ought not to have to speculate as to the basis for an administrative agency's conclusion." Renaut, 791 F.3d at 171 (cleaned up).

In view of this guidance, it seems quite clear that the IJ and BIA erred in neglecting to assess the extraordinary-and-compelling-circumstances part of the Matter of Y-L- test. But that problem is compounded by the majority's willingness to work around that error by doing its own fact-finding and drawing speculative inferences: when a minimum-showing six-part test went totally ignored by the IJ and BIA, the majority performed its own analysis of that test, made its own findings, and reached its own conclusion. Cf. Makieh v. Holder, 572 F.3d 37, 41 (1st Cir. 2009) (instructing that "we should 'judge the action of the BIA based only on reasoning provided by the agency, not on grounds constructed by the reviewing court,'" and "we will remand if the agency fails to state with sufficient particularity . . . legally sufficient reasons for its decision" (emphasis added) (quoting Mihaylov v. Ashcroft, 379 F.3d 15, 21 (1st Cir. 2004))).

It's undisputed that the immigration agencies neglected to make any findings at all on the extraordinary-and-compelling-circumstances piece -- it's not our role to jump in and supply findings that we then use as a springboard to craft the legal analysis that should have been conducted below.

This is why the majority's decision to weigh the six Matter of Y-L- factors is so troubling: it reviewed the six factors itself, then concluded that the record didn't compel a conclusion that Sanabria's conviction met each of these factors and demonstrated extraordinary and compelling circumstances, explaining that these "six factors give content to the 'extraordinary and compelling circumstances' test, and we must abide by them." To me, it seems fundamentally wrong that "we must abide by" these factors, but we've now condoned the IJ and BIA ignoring both the complete test and these six factors altogether.

This is the bottom line: the IJ and BIA erred by not determining whether Sanabria showed extraordinary and compelling circumstances, and we were not in a position to say whether the record compels a contrary conclusion because the conclusion we were reviewing was incomplete and bereft of any analytical reasoning. These errors of law and the troubling precedent the majority's approach sets culminate in my dissent. En banc review would have afforded us the opportunity to clarify our procedural expectations, to the extent our case law didn't already make

them clear; and we would have had a chance to provide more comprehensive guidance to both the immigration agencies and the litigants appearing before them.

As an important aside, I take this opportunity to note that it is wrong to be returning migrants to Venezuela given the current conditions in that country.   See United States Department of State, Bureau of Democracy, Human Rights, and Labor, 2020 Country Reports on Human Rights Practices:   Venezuela (Aug. 2021), available at   https://www.state.gov/reports/2020-country-reports-on-human-rights-practices/venezuela/.   This is not a legal ground upon which I base my dissent, but it is certainly important enough to observe nonetheless.

I conclude that this case is worthy of en banc review under Fed. R. App. P. 35(a)(1) as it involves issues premised on the uniform application of our case law.   For all of these reasons, I dissent from the denial of en banc review.


By the Court:

Maria R. Hamilton, Clerk



cc:   Ilana Etkin Greenstein, Trina A. Realmuto, Gregory Romanovsky, Luis Elias Sanabria Morales, Tiffany Lieu, Zoe Jaye Heller, Enitan Omotayo Otunla, OIL OIL, Emma C. Winger, Matthew J. Moffa